**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-246-RJC
(3:07-cr-218-RJC-1)**

| | |
|---|---|
| JIMMY BRICE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence filed under 28 U.S.C. § 2255. (Doc. No. 1). For the reasons that follow, the Court finds that this is an unauthorized, successive petition, and the Court therefore dismisses the Motion to Vacate.

**I.      BACKGROUND**

On February 12, 2008, a jury convicted pro se Petitioner Jimmy Brice on one count of bank robbery, and aiding and abetting the same, in violation of 18 U.S.C. §§ 2113(a) and 2 (Count One); one count of armed bank robbery and aiding and abetting the same, in violation of 18 U.S.C. §§ 2113(d) and 2 (Count Two); one count of possessing and brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c) (Count Three); and one count of possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g) (Count Four). (Crim. Case No. 3:07-cr-00218, Doc. No. 35: Jury Verdict). This Court sentenced Petitioner on Counts One, Two, and Four to concurrent terms of 180 months of imprisonment, and to a consecutive term of 300 months of imprisonment on Count Three, for a total term of 480 months

1

of imprisonment. (Id., Doc. No. 50: Judgment). Petitioner's judgment was affirmed in all respects on appeal in a per curiam opinion. See United States v. Brice, 369 F. App'x 416 (4th Cir. 2010) (unpublished). Petitioner did not petition the Supreme Court for a writ of certiorari.

On July 15, 2014, Petitioner filed a Section 2255 motion to vacate, which this Court dismissed with prejudice as time-barred on October 2, 2015. (Id., Doc. Nos. 1; 4: Civil No. 3:14cv390). Petitioner placed the instant Section 2255 petition in the prison system for mailing on May 11, 2016. Petitioner seeks relief under Johnson v. United States, 135 S. Ct. 2551 (2015).

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. After having considered the record in this matter, the Court finds that no response is necessary from the United States. Further, the Court finds that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

Petitioner filed the instant Motion to Vacate on May 11, 2016, seeking to have the Court vacate his conviction and sentence in Criminal Case No. 3:07-cr-00218. As noted, Petitioner filed a previous motion to vacate the same conviction and sentence on July 15, 2014, and this Court dismissed that motion to vacate with prejudice. Thus, this is the second Section 2255 petition filed by Petitioner challenging the conviction and sentence in Criminal Case No. 3:07-cr-00218.

Pursuant to 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate

court of appeals for an order authorizing the district court to consider the application." Thus, Petitioner must first obtain an order from the United States Court of Appeals for the Fourth Circuit before this Court will consider any second or successive petition under 28 U.S.C. § 2255. Petitioner has not shown that he has obtained the permission of the United States Court of Appeals for the Fourth Circuit to file a successive petition. See also 28 U.S.C. § 2255(h) (stating that "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals"). Accordingly, this successive petition must be dismissed. See Burton v. Stewart, 549 U.S. 147, 153 (2007) (holding that failure of petitioner to obtain authorization to file a "second or successive" petition deprived the district court of jurisdiction to consider the second or successive petition "in the first place").

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss Petitioner's Section 2255 Motion to Vacate for lack of jurisdiction because the motion is a successive petition and Petitioner has not first obtained permission from the Fourth Circuit Court of Appeals to file the motion.

**IT IS, THEREFORE, ORDERED** that

1. Petitioner's Motion to Vacate, (Doc. No. 1), is **DISMISSED** as a successive petition.

2. Petitioner is advised that if he wishes to file a successive Section 2255 petition raising his Johnson claim, he must first obtain permission from the Fourth Circuit Court of Appeals to file such successive petition.

3. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell,

537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Robert J. Conrad, Jr.
United States District Judge